**PETER C. BLAIR**
California Bar No. 270959
Blair Defense Criminal Lawyers
225 Broadway, Suite 1750
San Diego, CA 92101
Telephone: (619) 357-4977
Facsimile: (833) 985-1942
peter@blairdefense.com

Attorney for Defendant:
**ERIC JIN**

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
# (THE HONORABLE JINSOOK OHTA)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-CR-01071-JO |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | DATE: August 22, 2025 |
| ERIC JIN, | TIME: 8:30 a.m. |
| Defendant. | |

**TO: Adam Gordon, United States Attorney; Andrew P. Sherwood and Kiriaki Grammenidis, Assistant U.S. Attorneys, and to Cynthia Ornelas, United States Probation Officer:**

The defendant, Eric Jin, by and through his counsel, Peter C. Blair, hereby submits the following Sentencing Memorandum in support of his request for a sentence of 180 months of custody.

The United States joins in the request for 180 months custody.

## I.
## STATEMENT OF FACTS

The statement of facts in the Plea Agreement accurately reflects the facts of this matter.

1

## II.
## SENTENCING CONSIDERATIONS

### A. The Guidelines

The parties agree on the following calculations of the advisory guideline range in this case:

| | |
|---|---|
| Base Offense Level [§2G2.1(a)(1)]: | 32 |
| Involved a minor over 12 years of age, but under 16 years of age [§2G2.1(b)(1)(B)]: | +2 |
| Engaged in Distribution [§2G2.1(b)(3)]: | +2 |
| Sadistic or Masochistic Conduct [§2G2.2(b)(4)]: | +4 |
| Use of Computer [§2G2.2(b)(6)]: | +2 |
| Acceptance of Responsibility [§3E1.1(a)]: | -3 |
| **Adjusted Offense Level:** | **39** |
| **Sentencing Guideline Range:** | **262-327 months** |

Mr. Jin has no criminal history but for the present offense, thus he has zero criminal history points. Accordingly, he is in a Criminal History Category of I and the resulting Guideline Range is 262-237 months of custody.

### B. Section 3553(a) Factors

After determining the proper advisory Guideline range, the Court must evaluate whether the sentence is substantively reasonable and comports with the purposes of sentencing. Specifically, the Court must consider the following relevant factors outlined in 18 U.S.C. § 3553(a) in imposing a sentence.

<u>Circumstances of the Offense and Characteristics of the Defendant</u>

Eric Jin was born in Indiana before moving to San Diego as a young child, where he has remained ever since. Mr. Jin is an only child and was raised solely by his mother following his parents' divorce when he was only two years old. While Mr. Jin and his mother remained in California, his father moved to Iowa to work as a college professor. As a result, Mr. Jin rarely saw his father, as he recalls only twice in his youth, and spoke with him only a few times per year.

Mr. Jin's childhood was marked by mental and emotional trauma resulting from his relationship with his mother. (*See* Exhibit A, *Psychological* Evaluation). While not amounting to overt and calculated mental and physical abuse that is typically known to result in crimes of violence that may bring a defendant before this court, Dr. Reavis fleshes out the unique, prolonged, subtle abuse Mr. Jin suffered from childhood to the date of his arrest. Dr. Reavis performed thorough tests on Mr. Jin which indicated that he certainly has repressed emotional issues. Defense counsel would respectfully submit this severe mental abuse took an extreme toll on Mr. Jin that he does not fully realize to this day.

Mr. Jin takes full responsibility for his actions, and nobody is to blame but him. He committed monstrous act and crimes. However, in light of Dr. Reavis' comprehensive testing, analyses and conclusions, one must wonder if Mr. Jin would be before this court had he been raised under more traditional parenting and circumstances.

Despite the extremely troubling conduct exhibited in this case, Mr. Jin's family and friends know him to be extremely selfless, loyal, and caring. He is the type of man to put others' needs above his own even when it comes at a great cost to him. (*See* Exhibit B, *Character Letters*). Accordingly, Mr. Jin's reprehensible conduct in this case was profoundly shocking and an unfathomable deviation from Mr. Jin's upstanding character. Though Mr. Jin's loved ones are deeply disturbed by his offense, they remain supportive of him and believe that his actions are not indicative of who he is a man. Rather, they believe that with the correct treatment and support, Mr. Jin can be a contributing member of society who never offends again.

C.   **Analysis and Request for Variance**

Based on Mr. Jin's Total Offense Level (39) and his Criminal History Category (I), his guideline range is 262-327 months. Mr. Jin respectfully submits

that a variance under Section 3553(a) and a sentence of 180 months in custody is warranted.

Mr. Jin accepts full responsibility for his conduct in this case and is deeply ashamed of his actions. Mr. Jin understands now how destructive and traumatic CSAM is to victims. By nature, he is a very caring and kind man, and he is repulsed by the fact that he perpetrated such profound harm to innocent children. He knows a significant period of time in custody is warranted, particularly given the exceedingly harmful material that was in his possession. However, in determining an appropriate custodial term, Mr. Jin asks that this Court consider the serious mental abuse that he experienced throughout his formative years, which had gone not only untreated, but wholly unrealized until his involvement with the present case.

The present offense was completely out of character for Mr. Jin. He believes that with the proper continued mental health treatment, he will have the necessary tools and the support system to heal his trauma and ensure that he never reoffends again.

In light of these factors, Mr. Jin respectfully submits that a variance is warranted and a sentence of 180 months of custody is appropriate.

### III.
### CONCLUSION

In light of the foregoing, Mr. Jin respectfully requests that the Court impose a sentence of 180 months of custody.

DATED: August 15, 2025

Respectfully submitted,
s/ Peter C. Blair
PETER C. BLAIR
Attorney for Mr. Jin